UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )       Chapter 13
DAVID KENT SHERRETS                 )
NANCY ANNE SHERRETS                 )       Bankruptcy No. 05-07276
                                    )
     Debtors.                       )

### ORDER RE: APPLICATION FOR ADDITIONAL COMPENSATION

This matter came before the undersigned on June 14, 2006 pursuant to assignment. Paul Gandy appeared as attorney for Debtors. Carol Dunbar appeared as Chapter 13 Trustee. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A, B).

### STATEMENT OF THE CASE

Paul Gandy, attorney for Debtors, applies for an additional $1,663.08 in compensation for additional legal services provided in this Chapter 13 case. He has already received fees and costs of $1,524. He requests the additional compensation be paid through Debtors' Chapter 13 Plan. Trustee objects that the amount requested is excessive.

### FINDINGS OF FACT

This case was filed October 16, 2005, on the last day in the last hour before the new Bankruptcy Act became effective. Debtors' initial Chapter 13 Plan was confirmed on January 31, 2006. The petition was filed without schedules. Debtors filed their schedules on November 15, 2005, within the extended deadline to do so. The Order of confirmation allows Mr. Gandy attorney fees of $1,250, of which $150 was paid through the Plan. Unsecured creditors, with claims totaling approximately $45,000, will receive approximately 41% payout through the Plan. If Mr. Gandy's additional fees are allowed to be paid through the Plan, this will decrease to approximately 37%.

Mr. Gandy's fee application shows total fees of $2,793.15 and costs of $393.93. Total payments he received are $1,524.00, leaving $1,663.08 unpaid. Mr. Gandy's hourly rate is $200. The application shows hourly rates for legal assistants and an accounting assistant of between $40 and $65. Mr. Gandy charged a flat fee of $500 for travel to and from his office in Fairfield,

Iowa to Independence, Iowa for the confirmation hearing.  With five hours of travel time, this represents an hourly charge of one-half of his customary hourly rate.

## CONCLUSIONS OF LAW

The bankruptcy court has broad power and discretion to award or deny attorney fees, and, indeed, a duty to examine them for reasonableness.  In re Clark, 223 F.3d 859, 863 (8th Cir. 2000) (considering fees for Chapter 13 attorneys).  "The burden is on the attorney to prove that the agreed compensation is reasonable." Id.  Section 330 governs the allowance of attorneys' fees and permits the court, on its own motion or on the motion of a trustee or other party in interest, to award compensation that is less than the amount requested.  In re Peterson, 251 B.R. 359, 363 (B.A.P. 8th Cir. 2000).  Section 330(a)(4)(B) provides that in a Chapter 13 case in which the debtor is an individual, "the court may award reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." Id. at 364.

Pursuant to Local Rule 2016-1(b), Compensation of Professionals, Attorney for Debtor - Chapter 13:

> The attorney for debtor in a chapter 13 case is excused from the application requirements of Fed. R. Bankr. P 2016(a) and the notice requirement of Fed. R. Bankr. P. 2002(a)(6) if the request for compensation is less than the base amount established by the court at the time of confirmation of the plan.  The base amount figure is available from the clerk and applies to all attorney compensation through the first confirmation of a plan.

For Chapter 13 cases that were filed between August 10, 1998 and December 31, 2003, the base fee amount was $1001.00.  For Chapter 13 cases filed between January 1, 2004 and December 31, 2005, the base fee amount was $1251.00.  Effective March 7, 2006, the base amount established by the court for compensation in Chapter 13 cases has increased to $1751.00.  This base amount applies retroactively to all cases filed on or after January 1, 2006.

The base fee amount is presumptively acceptable without the need for formal application and notice under Rule 2016(a) and 2002(a)(6).  Generally, the base amount is considered sufficient to compensate for basic services rendered by debtors' attorneys in Chapter 13 cases.  In re Lund, No. 00-01683, slip op. at 2

(Bankr. N.D. Iowa Dec. 2, 2003). These include counseling the debtors; preparing and filing the petition, schedules and plan; attending the creditors' meeting and the confirmation hearing; reviewing claims; and filing amendments and motions. Id.

If Chapter 13 debtors' attorneys seek fees which exceed the presumptively acceptable base amount, the requirements of §330(a) and Federal Rule of Bankruptcy Procedure 2016 must be followed. Id.; IANB Local Rule 2016-1(b). This requires the application of the conventional lodestar analysis. In re McKeeman, 236 B.R. 667, 671 (B.A.P. 8th Cir. 1999). The lodestar amount is the number of hours reasonably expended multiplied by a reasonable hourly rate. In re Apex Oil Co., 960 F.2d 728, 732 (8th Cir. 1992). The lodestar amount ordinarily reflects and includes issues such as: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained." Id. "When a bankruptcy court determines that a case presents routine Chapter 13 matters, the court may review the fees requested in light of fees typically charged, and may reduce the requested fees accordingly." McKeeman, 236 B.R. at 672.

In McKeeman, the 8th Circuit Bankruptcy Appellate Panel considered charges for travel time in a routine Chapter 13 case. It noted that the relevant inquiry is the value of the services to the debtor. Id. at 673. Policy concerns of attracting competent counsel are less applicable in Chapter 13 cases which are more routine and involve standardized procedures. Id. The court found no abuse of discretion in the bankruptcy court's refusal to allow the full hourly rate for counsel's travel time. Id. Additionally, in this district, attorneys generally will not be compensated for the preparation, submission and defense of fee applications in bankruptcy cases. Such work, except in extraordinary circumstances, is a cost of doing business. In re Courson, 138 B.R. 928, 936 (Bankr. N.D. Iowa 1992); In re Rubber Dev., Inc., No. 98-03432, slip op. at 2 (Bankr. N.D. Iowa Apr. 24, 2000).

**ANALYSIS**

The Court has reviewed the docket in this case and finds this is a routine case which did not involve the need to provide more than the basic services which generally arise in Chapter 13 cases. The Plan was confirmed at the first hearing on confirmation. There were no complex or time-consuming issues in this case.

3

The Court notes that Mr. Gandy's customary hourly rate of $200 is on the high end of the rates charged by debtors' attorneys in this district.  Charges for preparing counsel's fee application and billing account summary, and for receiving payments from Debtors are not compensable.  Mr. Gandy appropriately charged one-half of his customary hourly rate for travel time charges of $500.  The Court questions, however, the value of this charge to Debtors.

Mr. Gandy provided Debtors with the basic services required in a Chapter 13 case.  This Court has determined by Local Rule that the value of such services, at the time of the confirmation hearing in this case, was presumptively $1,250.  In this case, the issues were not novel or complex and did not require special skills or experience of Debtors' attorney.  The quality of representation and the results obtained are no more and no less than what is customary in Chapter 13 cases in this district.  Applying the lodestar analysis, including consideration of the fees typically charged in Chapter 13 cases, the Court concludes allowing additional attorney fees to be paid through Debtors' Chapter 13 plan is not appropriate in this case.

**WHEREFORE**, Paul Gandy's Application for Additional Compensation is DENIED.

DATED AND ENTERED:
JUNE 27, 2006.

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE